**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KHALID MOHAMMAD,

                Plaintiff(s),

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT,

                Defendant(s).

Case No. 2:17-cv-02389-APG-NJK

**REPORT AND RECOMMENDATION**

    Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.

**I.**    *In Forma Pauperis* **Application**

    Plaintiff submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is **INSTRUCTED** to file the complaint on the docket.

**II.**    **Screening Complaint**

    Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to

curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Here Plaintiff brings bare-bones allegations that he was imprisoned in Clark County Detention Center for roughly eight months in 2012 before being released. *See* Docket No. 1-1. Plaintiff's conclusory allegations that he was a pretrial detainee fail to state a claim upon which relief can be granted. *See, e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 523, 534 n.15 (1979) (the government may legally incarcerate an individual prior to a determination of his guilt or innocence, so long as it complies with constitutional requirements and statutory provisions).

While leave to amend should be freely granted, in this case allowing opportunity for amendment would be futile because this same deficiency has been explained to Plaintiff already on at least three occasions. In 2014, United States District Judge James C. Mahan screened a similar complaint filed by Plaintiff based on the same underlying facts, concluding that Plaintiff failed to state a claim based on his conclusory allegations of being held as a pretrial detainee. *See Mohammad v. Clark County Detention*

1  *Center*, Case No. 2:14-cv-1290-JCM-VCF, Docket No. 2 at 5 (D. Nev. Oct. 24, 2014) (discussing *Wolfish*,
2  441 U.S. at 523, 534 n.15).[1] Although Plaintiff was given the opportunity to amend his complaint in that
3  case, he did not do so and his case was dismissed without prejudice. *Id.*, Docket No. 4. In 2015, United
4  States Magistrate Judge George W. Foley screened another complaint filed by Plaintiff arising out of the
5  same underlying facts, concluding that Plaintiff failed to state a claim based on his conclusory allegations
6  of being held as a pretrial detainee. *See Mohammad v. Wolfson*, Case No. 2:15-cv-00016-APG-GWF,
7  Docket No. 2 at 3-4 (D. Nev. June 5, 2015) (discussing *Wolfish*, 441 U.S. at 523, 534 n.15). Although
8  Plaintiff was given the opportunity to amend his complaint in that case, he did not do so and his case was
9  dismissed with prejudice by United States District Judge Andrew P. Gordon. *Id.*, Docket No. 5. In 2016,
10 United States Magistrate Judge Cam Ferenbach screened a third complaint filed by Plaintiff arising out of
11 the same underlying facts, concluding that Plaintiff failed to state a claim based on his conclusory
12 allegations of being held as a pretrial detainee. *Mohammad v. Las Vegas Metropolitan Police Department*,
13 Case No. 2:16-cv-1324-JAD-VCF, Docket No. 2 at 3-4 (D. Nev. June 27, 2016) (discussing *Wolfish*, 441
14 U.S. at 523, 534 n.15). Although Plaintiff was given the opportunity to amend his complaint in that case,
15 he has not done so and United States District Judge Jennifer A. Dorsey has indicated that such failure will
16 result in dismissal with prejudice. *See id.*, Docket No. 3 (D. Nev. July 19, 2016). In light of the numerous
17 opportunities for amendment already afforded Plaintiff, the circumstances of this case do not warrant being
18 given further leave to amend. *Cf. City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th

---

[1] The Court took judicial notice of the state court records illuminating the circumstances of Plaintiff's pretrial detention:

> Plaintiff was charged with unlawful possession of burglary tools, a gross misdemeanor. The docket entries for plaintiff's case demonstrates that on January 30, 2012, his bail was set for $2000.00. On February 2, 2012, plaintiff had an initial arraignment and pled not guilty. Plaintiff invoked the 60-day rule. The court set a trial date of March 5, 2012. The trial was continued. On April 17, 2012, the court held a competency hearing and found plaintiff competent. On June 25, 2012, plaintiff filed a petition for habeas corpus. On August 6, 2012, the case was reassigned to a different judge. On September 10, 2012, the prosecutor moved to dismiss the case and the court dismissed the case.

*See id.* at 4-5 (internal citations omitted).

3

Cir. 2011) ("the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (quoting *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).[2]

### III. Conclusion

For the reasons discussed more fully above, the undersigned **RECOMMENDS** that Plaintiff's complaint be dismissed without leave to amend and the case be dismissed with prejudice.

DATED: September 19, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[2] The undersigned declines at this point to initiate the proceedings to have Plaintiff declared a vexatious litigant. The undersigned **CAUTIONS** Plaintiff, however, that he is getting perilously close to establishing the grounds to be declared a vexatious litigant, if such grounds do not already exist.